**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4838**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LEON NILES DAYE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:19-cr-00424-CCE-1)

Submitted: August 31, 2020                    Decided: September 22, 2020

Before GREGORY, Chief Judge, FLOYD, and RICHARDSON, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Craig M. Cooley, COOLEY LAW OFFICE, Cary, North Carolina, for Appellant. Kyle David Pousson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leon Niles Daye pled guilty, pursuant to a written plea agreement, to possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), and was sentenced to 108 months' imprisonment and 4 years of supervised release. On appeal, appellate counsel for Daye filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but seeking review of trial counsel's performance. Daye filed a pro se supplemental brief challenging the sufficiency of the factual basis supporting his guilty plea, asserting that he is actually innocent of the offense of conviction, and alleging ineffective assistance of trial counsel. The Government seeks to enforce the appeal waiver contained in Daye's plea agreement and to dismiss the appeal in part.

A criminal defendant may waive his statutory right to appeal. *See United States v. Tate*, 845 F.3d 571, 574 n.1 (4th Cir. 2017). We review the validity of an appeal waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). "The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal." *United States v. Blick*, 408 F.3d 162, 169 (4th Cir. 2005). To determine whether a waiver is knowing and intelligent, we look to the sufficiency of the plea colloquy and whether the district court questioned the defendant about the appeal waiver, but ultimately the determination turns on "the totality of the circumstances." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted). In evaluating the totality of the circumstances, courts consider "the particular

2

facts and circumstances surrounding [the] case, including the background, experience, and conduct of the accused." *Blick*, 408 F.3d at 169 (internal quotation marks omitted).

We have reviewed the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing and find that Daye knowingly and intelligently waived his right to appeal both his conviction and his sentence. The district court specifically questioned Daye about the written appeal waiver and confirmed that he understood he was waiving his right to appeal by entering into the agreement. The terms of the waiver were "clear and unmistakable." *See Blick*, 408 F.3d at 169. Daye does not contend that the district court failed to question him concerning the appeal waiver or that he did not understand the full significance of the waiver. Based on the totality of the circumstances, we find that Daye's appeal waiver was both knowing and intelligent and, therefore, enforceable as to issues within its scope. Because Daye's claim that he is actually innocent of the § 924(c) charge falls within the scope of the waiver, we grant, in part, the Government's motion to dismiss the appeal as to this claim.

However, the appellate waiver does not bar Daye's claim that the proffered factual basis is insufficient to support his guilty plea. "Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). "The rule is intended to ensure that the court make clear exactly what a defendant admits to, and whether those admissions are factually sufficient to constitute the alleged crime." *United States v. Mastrapa*, 509 F.3d 652, 659-60 (4th Cir. 2007) (internal quotation marks omitted). "[E]ven valid appeal waivers do not bar claims that a factual basis is insufficient to support a guilty plea." *McCoy*, 895 F.3d at 364.

We typically review the lower court's determination for abuse of discretion and "will not find an abuse of discretion so long as the district court could reasonably have determined that there was a sufficient factual basis based on the record before it." *Mastrapa*, 509 F.3d at 660. However, because Daye failed to challenge the factual basis for his plea in district court, we review the issue for plain error. "A plain error that affects substantial rights may be considered [on appeal] even though it was not brought to the [trial] court's attention," Fed. R. Crim. P. 52(b), and we may correct a plain error that was material or affected the defendant's substantial rights if we conclude that the "error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings," *United States v. Olano*, 507 U.S. 725, 732 (1993) (internal quotation marks omitted).

Under 18 U.S.C. § 924(c)(1)(A), the Government is required to show that Daye knowingly and unlawfully possessed a firearm in furtherance of the specified drug trafficking crime. *See United States v. Moore*, 769 F.3d 264, 269-70 (4th Cir. 2014) (identifying elements and standard of review). In other words, "§ 924(c) requires the government to present evidence indicating that the possession of a firearm furthered, advanced, or helped forward a drug trafficking crime." *United States v. Lomax*, 293 F.3d 701, 705 (4th Cir. 2002). We have reviewed the factual basis filed by the Government and the plea colloquy transcript and conclude that Daye fails to carry his burden under *Olano*.

Finally, pursuant to the terms of Daye's written plea agreement, claims of ineffective assistance of counsel are not barred by the appellate waiver. However, we do not consider ineffective assistance claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*,

4

821 F.3d 502, 507-08 (4th Cir. 2016). Absent such a showing, ineffective assistance claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255, in order to permit sufficient development of the record. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). We decline to address the ineffective assistance of counsel claims in this direct appeal because counsel's ineffectiveness does not conclusively appear on the face of the record.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues outside the scope of the broad appellate waiver. We therefore dismiss the portion of the appeal alleging actual innocence of the offense of conviction and affirm the remainder of the district court's judgment. This court requires that counsel inform Daye, in writing, of the right to petition the Supreme Court of the United States for further review. If Daye requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Daye.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*